**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOEY W. JACKSON, | : | CIVIL ACTION NO. 09-5366 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| NEW JERSEY DIVISION OF DEVELOPMENTAL DISABILITIES, | : | |
| Defendant. | : | |

**COOPER, District Judge**

The plaintiff pro se brought this action against the defendant, the New Jersey Division of Developmental Disabilities ("NJDDD"), which is a division of the New Jersey Department of Human Services ("NJDHS"). (Dkt. entry no. 1, Compl.)  The defendant moves to dismiss the Complaint. (Dkt. entry no. 38.) This Court will grant the motion.

### BACKGROUND

The plaintiff is dissatisfied with the housing and services provided by NJDDD. (Compl.)  He has already brought several actions against NJDDD, NJDHS, and their employees, as well as against entities overseen by NJDDD, in federal court ("Previous Federal Actions"). See Jackson v. Carlini, D.N.J. No. 08-3091; Jackson v. Richey, D.N.J. No. 08-2385; see also Jackson v. Gambino, D.N.J. No. 08-3983; Jackson v. Gambino, D.N.J. No. 08-3072; Jackson v. Gambino, D.N.J. No. 08-2744.  He also appears to have brought several actions against NJDDD in state court ("State

Court Actions"). See Jackson v. Division of Developmental Disabilities, N.J. Sup. Ct. No. C-1119-2006; Jackson v. Division of Developmental Disabilities, N.J. Sup. Ct. No. C-1118-2006.[1]

**DISCUSSION**

**I.   42 U.S.C. § 1983**

It appears that the plaintiff asserts causes of action under 42 U.S.C. § 1983 for constitutional violations. But a claim under 42 U.S.C. § 1983 is permitted against a "person" causing a deprivation of constitutional rights under color of state law. The NJDDD is not a "person" subject to such a claim. See Hanani v. N.J. Dep't of Envtl. Prot., 205 Fed.Appx. 71, 79 (3d Cir. 2006); see also Allen v. Adm. Office of Pa. Cts., 270 Fed.Appx. 149, 150 (3d Cir. 2008). The Eleventh Amendment also bars this type of claim against state agencies because such a claim is, in effect, against the state itself. See Hanani, 205 Fed.Appx. at 79; see also Allen, 270 Fed.Appx. at 150. It has not been shown that either the State of New Jersey consents to subject NJDDD to this type of claim, or immunity here has been abrogated. Thus, this Court will dismiss any claims that may be construed to be brought under 42 U.S.C. § 1983.[2]

---

[1]   This Court is concerned that the plaintiff may have brought other actions against NJDDD, NJDHS, or their employees under the names Joseph Jackson and Joseph W. Jackson.

[2]   The plaintiff's claim that NJDDD is violating New Jersey state law would be dismissed nonetheless, as such a violation does not result in a claim under 42 U.S.C. § 1983. See Tauro v. Pa. Dep't of Pub. Welfare, 206 Fed.Appx. 152, 154 (3d Cir. 2006).

**II.   Investigation and Criminal Prosecution**

The plaintiff seeks to compel investigations and criminal prosecutions due to NJDDD's failure to provide housing that meets his preference.  But initiating an investigation or a prosecution is a function of governmental discretion, and thus a private citizen cannot compel the state or federal government to do so. See Millhouse v. Levi, 267 Fed.Appx. 140, 141 (3d Cir. 2008) (concerning request to investigate detention center, and citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); Morrow v. Meehan, 258 Fed.Appx. 492, 493-94 (3d Cir. 2007) (concerning husband's request to compel United States Attorney to issue warrant for wife's arrest for kidnaping child), cert. denied, 553 U.S. 1019 (2008); Nicholas v. Heffner, 228 Fed.Appx. 139, 141 (3d Cir. 2007) (dismissing for lack of merit an appeal from order dismissing claim to compel investigation of police officers); Gimbi v. Fairbank Capital Corp., 207 Fed.Appx. 143, 144 (3d Cir. 2006) (denying motion to compel district court to convene grand jury, as there is no federal right to do so).  Furthermore, such a right does not arise from the plaintiff's status as a citizen. See Schoenrogge v. Rooney, 255 Fed.Appx. 324, 325-26 (10th Cir. 2007) (stating same in affirming order dismissing claim seeking to compel federal official to terminate certain employees).  This Court will therefore dismiss the Complaint insofar as it seeks to compel investigations and criminal prosecutions.

**III. State Court Actions**

The plaintiff appears to assert claims that would require this Court to invalidate decisions issued by the New Jersey state courts in the State Court Actions. However, the plaintiff must seek review through the state appellate process and then seek certiorari directly to the United States Supreme Court. See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923). The Rooker-Feldman doctrine prohibits a federal court from voiding a state court's decision and preventing a state court from enforcing its orders. See McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005). This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a state court decision. Thus, this Court will dismiss the Complaint insofar as it may be construed to be barred by the Rooker-Feldman doctrine.

**IV.  Res Judicata, Collateral Estoppel, and Duplicative Litigation**

The plaintiff appears to assert claims that have been, or should have been, raised in the State Court Actions and Previous Federal Actions. Res judicata applies, as (1) the orders in the State Court Actions and Previous Federal Actions are valid, final, and on the merits, (2) the parties in the actions are either the same or in privity with each other, and (3) the claims here arise from the same transactions or occurrences as the claims in the

State Court Actions and Previous Federal Actions.  See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995).  Collateral estoppel would also apply if (1) the identical issues were decided in the prior adjudications in the State Court Actions and Previous Federal Actions, (2) there were a final judgment on the merits issued therein, (3) the defendants here were either parties or in privity with parties to the prior adjudications, and (4) the plaintiff had a full and fair opportunity to litigate the issues in question.  See Bd. of Trs. of Trucking Em'ees of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).

If the plaintiff was dissatisfied with the decisions issued in the Previous Federal Actions, then he could have sought relief (1) under the docket numbers coinciding with the Previous Federal Actions, or (2) in the Third Circuit Court of Appeals.  See Fed.R.Civ.P. 60(b)-(c); Fed.R.App.P. 3-5; Olaniyi v. Alexa Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (noting that plaintiff must either move for reconsideration or seek appellate review to challenge district court decision, and may not seek relief in separate action).  The plaintiff cannot institute duplicative federal litigation in order to attempt to achieve a different outcome.  See Rogers v. United States, 307 Fed.Appx. 706, 706 (3d Cir. 2009) (dismissing appeal from order dismissing complaint that was identical to one from previous action).

This Court will therefore dismiss the Complaint insofar as it may be construed to raise issues and claims that have been, or should have been, previously litigated.

**V.   Frivolous Claims**

This Court may dismiss a complaint when the allegations "'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.'" DeGrazia v. Fed. Bur. of Investigation, 316 Fed.Appx. 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

The plaintiff is no stranger to pro se litigation, and is aware of how to draft a complaint. See, e.g., Jackson v. Carlini, D.N.J. No. 08-3091, dkt. entry no. 6, 8-21-08 Order (stating complaint violated Federal Rule of Civil Procedure 8). He appears to seek relief pursuant to the Americans with Disabilities Act, yet provides no basis for that relief in the many documents that he has filed. He also raises allegations that are indiscernible, fanciful, and unsubstantiated. (See, e.g., Compl., Ex. 7, Supplement (stating state will torture him); dkt. entry no. 4, 10-28-09 Pl. Letter (stating NJDDD is blackmailing him); dkt. entry no. 43, 12-22-09 Pl. Letter (stating there is a plot against him); dkt. entry no. 55, 1-5-10 Pl. Letter (stating employee from entity overseen by NJDDD threatened him with "voodoo"); dkt. entry no. 73, 2-16-10 Pl. Letter (stating many employees from

entity overseen by NJDDD are not Americans); dkt. entry no. 74, 2-16-10 Pl. Letter (stating he is being bribed with food).)

He also seeks to have this Court compel NJDDD to provide him with housing that meets his preference.  However, a federal court has no general power to compel action by state officials.  See In re Jones, 28 Fed.Appx. 133, 135 (3d Cir. 2002).

This Court will therefore dismiss the Complaint insofar as it may be construed to survive any of the previous grounds for dismissal as being without merit.  See DeGrazia, 316 Fed.Appx. at 173; see also Fed.R.Civ.P. 8(a),(d).

**VI.  Younger Abstention**

This Court must abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).  A state administrative proceeding is a "proceeding" under Younger. Getson v. New Jersey, 352 Fed.Appx. 749, 753 (3d Cir. 2009); Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002).

There appear to be pending state administrative proceedings addressing the plaintiff's concerns.  (See Compl., Ex. 4, 10-16-09 NJDDD Letter (acknowledging plaintiff's appeal from NJDDD's decision); dkt. entry no. 52, 1-4-10 Pl. Letter, Ex. 1, 12-23-09

7

NJDDD Letter (summarizing activity in pending administrative proceedings); dkt. entry no. 64, 1-26-10 Pl. Letter, Ex. 1, 1-22-10 NJDDD Letter (stating administrative review officer has been appointed to review plaintiff's concerns and will issue a decision). See Ocean Grove Camp Meeting Ass'n v. Vespa-Papaleo, 339 Fed.Appx. 232, 237 (3d Cir. 2009) (stating initial filings and investigative phases before a state agency are part of pending proceedings for Younger purposes).

The plaintiff must then seek further review through the state courts if he is dissatisfied when a final decision is rendered in the administrative proceedings. See N.J.A.C. § 10:48-4.3(a)(8) (stating party in non-contested case to seek review of decision issued upon papers with New Jersey Appellate Division); N.J.A.C. § 10:48-4.4(a)(12) (stating party in non-contested case to seek review of decision issued upon a conference with New Jersey Appellate Division); N.J.A.C. § 10:48-7.1(e) (setting forth procedure for review in contested case); N.J.Ct.R. 2:2-3 (setting forth procedure for review by New Jersey Appellate Division); see also Ocean Grove Camp Meeting Ass'n, 339 Fed.Appx. at 237, 239 (stating in Younger analysis that proper forum for review of New Jersey state agency's final decision is New Jersey Appellate Division); W.K. v. N.J. Div. of Dev'l Disabilities, 974 F.Supp. 791, 794 (D.N.J. 1997) (stating proper forum for review of NJDDD's final decision is New Jersey Appellate Division, as for

Younger purposes the administrative and appeals process is treated as a unitary system).  The review afforded by the New Jersey Appellate Division of NJDDD decisions is not tantamount to a mere pro forma approval.  See, e.g., M.R. v. Div. of Dev'l Disabilities, No. A-1764-07T2, 2009 WL 169742, at *1-*5 (N.J. App. Div. Jan. 27, 2009) (reviewing NJDDD decision); E.B. v. Div. of Dev'l Disabilities, No. A-3258-07T3, 2008 WL 5156459, at *1-*5 (N.J. App. Div. Dec. 10, 2008) (same).

To the extent that any of the plaintiff's claims could be construed to survive dismissal on the aforementioned grounds, this Court would abstain from adjudicating them due to the pending state proceedings.

## CONCLUSION

This Court will grant the motion to dismiss the Complaint. This Court will issue an appropriate order and judgment.[3]

                                                                            s/ Mary L. Cooper  
                                                                            **MARY L. COOPER**  
                                                                            United States District Judge

Dated:  June 14, 2010

---

[3] The Office of the Clerk of the Court received the Complaint along with the plaintiff's application to proceed in forma pauperis ("Application").  (See dkt. entry no. 1.)  The first Judge assigned to this action granted the Application and permitted the action to proceed.  (Dkt. entry no. 14, 11-5-09 Order.)  The action was then reassigned to a second Judge.  (Dkt. entry no. 32, 12-4-09 Order.)  The action was then reassigned to this Judge.  (Dkt. entry no. 34, 12-8-09 Order.)  This Judge was not afforded the opportunity to initially screen the Complaint pursuant to 28 U.S.C. § 1915.